**SHERIDAN RACE CAR ASSOCIATION; and Howard Jorgenson for the Howard W. Jorgenson Trust, Appellants (Petitioners),**

v.

**RICE RANCH; and Sheridan County Commissioners, Appellees (Respondents).**

No. 93–75.

Supreme Court of Wyoming.

Nov. 19, 1993.

James P. Castberg, Sheridan, for appellant Sheridan Race Car Ass'n.

Robert E. Holstedt, Sheridan, for appellant Howard Jorgenson Trust.

Matthew F. Redle, County & Pros. Atty., Sheridan, for appellee Sheridan Bd. of County Com'rs.

Debra J. Wendtland, Sheridan, for appellee Rice Ranch.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

GOLDEN, Justice.

This appeal has been certified pursuant to Wyo.R.App.P. 12.09 and requires that we consider an administrative agency's zoning decision. Appellant Sheridan Race Car Association (SRCA) contests the decision of the Board of County Commissioners of Sheridan County (County) to revoke its conditional zoning variance and seeks reinstatement of the zoning variance. SRCA asserts that the failure of appellee Rice Ranch (Rice), an adjacent landowner, to present any witnesses at the hearing causes the County's decision to be arbitrary, capricious and an abuse of discretion. We affirm the County's decision.

SRCA raises the following issues on appeal:

I. The Board of County Commissioners erred in its Conclusion of Law VI [in that] a variance granted to allow a race car track and operation in an area zoned as A–Agricultural by the planning commission does promote the public health, safety, and general welfare of the county and is not a distinct departure from the use and purpose of all adjacent territory.

II. The Board of County Commissioners erred in its Conclusion of Law VII [in that] the variance granted to allow a race car track and operation in area zone as A–Agricultural by the planning commission was in harmony with the intent and purpose of the zoning resolution or the comprehensive plan and would not be injurious to the neighborhood.

III. The Board of County Commissioners erred in its Conclusion of Law IX in that there are in fact special conditions or circumstances which are peculiar to the land for which the variance was sought and there are in fact special conditions or circumstances such that the strict application of the zoning resolution would deprive the owner of the reasonable use of the land.

The Board of County Commissioners and Rice Ranch did not present a statement of issues.

## FACTS

Appellant SRCA is a non-profit organization located in Sheridan, Wyoming, whose members engage in and promote automobile races. SRCA planned to build a race car track and had proposed to locate the track site on a tract of land in Sheridan County leased from the Howard Jorgenson Trust. The proposed track site lies east of Highway I–90 at the Decker Interchange. It is adjacent to Rice.

The Jorgenson property is zoned A–Agricultural. The county's zoning regulations required SRCA to seek a zoning variance from the County Planning Commission. Zoning variance decisions by that commission are subject to final approval by the Board of County Commissioners. SRCA applied for the zoning variance from the County Planning Commission, and surrounding property owners were notified. SRCA had determined Rice was an affected landowner, and Rice had been notified of the proposed variance. Concerns expressed to the planning commission by the other landowners caused the planning com-

mission to grant a conditional variance. The six conditions to the variance were:

1. That the operators of the facility must not allow the noise level to exceed 80 decibels at one quarter (¼) mile from the edge of the track.

2. That a sound wall fence be constructed before any racing commences.

3. That no alcohol will be sold on site.

4. That there be adequate trash collection to prevent the accumulation and blowing of trash.

5. That the variance will expire January 1, 1994, by its own terms.

6. That the Lease between the Howard Jorgenson Trust and the Sheridan Race Car Association is contingent upon the conditional variance and will expire January 1, 1994, if the variance is denied or not renewed.

Rice appealed the granting of the variance and a contested case hearing was held before a hearing officer and the Board of County Commissioners. Rice did not present any witnesses of its own but relied upon an opening statement, a statement that summarized the evidence SRCA had presented to the planning commission, and cross-examination of appellant's witnesses. Both sides presented closing arguments.

The direct testimony of SRCA's witnesses focused on the track's probable boost to the Sheridan economy and SRCA's plans to comply with the conditions of the variance. Cross-examination testimony elicited deficiencies in SRCA's plans to control crowds, traffic, dust, trash and fire; deficiencies in the plan to provide water for sanitation; and deficiencies in the reliability of the profitability projections for the track.

The record before the Commissioners included the information considered by the planning commission, the Sheridan County Zoning Resolution, and the testimony and evidence presented at the hearing. On February 16, 1993, the Commissioners issued findings of fact and conclusions of law and revoked the conditional zoning variance. SRCA appealed to the district court and that court certified the matter to us.

Having reviewed the record and the briefs and oral arguments of both parties, we must consider whether the County's decision revoking the variance was arbitrary, capricious, and characterized by an abuse of discretion because it was not supported in the record by substantial evidence.

## STANDARD OF REVIEW

■ Our standard of review in a certified case is to examine the decision of the administrative agency as if we were the reviewing court of the first instance. *Montana Dakota Utilities v. PSC*, 847 P.2d 978, 982 (Wyo.1993) A reviewing court has authority to:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

WYO.STAT. § 16–3–114(c)(ii) (1990); *Montana Dakota Utilities*, 847 P.2d at 983.

■ In determining whether an agency decision is arbitrary, capricious, or characterized by an abuse of discretion, a court must review the record taken as a whole and ascertain whether the decision is supported by the evidence in the record. *Palmer v. Crook County Sch. Dist. No. 1*, 785 P.2d 1160, 1162 (Wyo.1990).

It is well established that this court will not substitute its judgment for that of the administrative agency if the record establishes that the agency decision is supported by substantial evidence. *Montana Dakota Utilities*, 847 P.2d at 983; *Palmer*, 785

P.2d at 1163. Substantial evidence is defined as

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Such evidence may be less than the weight of the evidence, but cannot be clearly contrary to the overwhelming weight of the evidence. It is more than a mere scintilla of evidence or suspicion of a fact to be established.

*Montana Dakota Utilities*, 847 P.2d at 983 (quoting *Mountain Fuel Sup. v. Wyo. Pub. Serv. Comm'n*, 662 P.2d 878, 882 (1983)) (citations omitted).

 It is SRCA's burden to demonstrate that the County's decision is not supported by substantial evidence. *Montana Dakota Utilities*, 847 P.2d at 983. The ultimate weight to be given the evidence before the County, as the trier of fact, is to be determined by the County. *Id.* Because SRCA complains that Rice presented the bulk of its case by cross-examination of SRCA witnesses, we note that "the testimony of a witness is no stronger than as shown by cross-examination." *Smith v. Beard*, 56 Wyo. 375, 110 P.2d 260, 272 (1941).

## DISCUSSION

WYO.STAT. §§ 18–5–201 and 18–5–203 require the County to assure that land usage complies with the zoning regulations then in effect and authorize it to grant a variance only if doing so would promote the "public health, safety, morals and general welfare." WYO.STAT. § 18–5–201 (1977). The stated purpose of Sheridan County's Comprehensive Plan and Zoning Resolution is to promote the public health, safety and general welfare of the county.

The record establishes that the County's decision to revoke the variance was based on evidence showing there would not be sufficient water to control dust and fire; there was no basis or foundation for conclusions of an economic impact study which SRCA proposed to present; and the evidence SRCA presented at the hearing had greatly changed from the evidence it had presented to the planning commission which had originally granted the variance. These changes included: increased spectator attendance numbers; a longer racing season; larger racing vehicles; and available water rights which were too limited to serve the track's needs.

 SRCA's first argument only summarizes the evidence already presented at the hearing and does not support its allegation that the County "wrongfully ignored the testimony and evidence presented by the Appellant." The record indicates that the County did not ignore SRCA's evidence and testimony since three of appellant's four witnesses were questioned about their direct testimony by the commissioners and the hearing officer. Their questions sought to clarify and expand the testimony of the witnesses.

 The record contains relevant evidence which reasonably supports the County's conclusion that permitting a race track on that particular location by this particular racing association would not promote the public health, safety, and general welfare and would be injurious to the neighborhood. SRCA concedes that the planning commission placed conditions on the variance because of possible construction problems. The record establishes that SRCA's witnesses presented different information at the hearing than was before the planning commission when it granted the conditional variance. Our review of the effect of this different information indicates the County rationally concluded a race track construction and operation would be injurious to the neighborhood.

 SRCA's argument that a race car track is in harmony with the intent and purpose of the zoning resolution is not supported by the mere allegation that the County's ruling "effectively casts in stone for all time the zoning as it existed at the time of the adoption of the original zoning resolution." Our review of the record indicates SRCA did not present any evidence that a race track would be harmonious with the intent and purpose of the zoning resolution. Since this argument cannot be considered for the first time by this court, we

find that the record reasonably supports the County's conclusion. *Epple v. Clark,* 804 P.2d 678, 681 (Wyo.1991), *Trout v. Wyo. Oil & Gas Conservation Comm'n,* 721 P.2d 1047, 1053 (Wyo.1986).

█ Finally, SRCA urges there was no rational basis for the County to conclude the owner of the land on which the proposed track is to be located is not deprived of the reasonable use of the land by the strict application of the zoning resolution. SRCA argues the deprivation occurs if that variance is not granted because "the tract of land had no agricultural value whatsoever" since it is isolated by highways on the north and west. Although SRCA presented testimony at the hearing that this tract was isolated, this information was offered to explain that the isolation would lessen racing noise. SRCA did not present evidence that this isolation rendered the land valueless. One of appellant's witnesses did testify the land had no agricultural value; however, the testimony was discredited when the witness was unable to offer any factual basis for that opinion. The record reasonably supports the County's conclusion.

## CONCLUSION

Our review of the entire record satisfies us there was substantial evidence for the County to conclude the SRCA race track would not promote the public health, safety and general welfare as required by the zoning resolution. The County's decision is affirmed.