**In the Matter of the Worker's Compensation Claim of Brian J. ARMSTRONG, an Employee of United Blood Services:**

**Brian J. Armstrong, Appellant (Petitioner/Claimant),**

v.

**State of Wyoming, ex rel., Wyoming Workers' Safety And Compensation Division, Appellee (Respondent).**

**No. 99–100.**

Supreme Court of Wyoming.

Nov. 30, 1999.

Representing Appellant: Bill G. Hibbler, Cheyenne, WY.

Representing Appellee: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

A contested case hearing was held to review the Wyoming Workers' Safety and Compensation Division's denial of Appellant Brian Armstrong's request for payment of certain medical benefits. The hearing examiner determined that Appellant failed to establish a causative connection between his claims and a work injury and, rather, that his medical treatment was due to a pre-existing condition. We affirm.

## ISSUES

Appellant presents the following issues for review:

I.  Whether the actions and final determinations of Appellee, Workers' Compensation Division, denying medical benefits to Appellant, Brian J. Armstrong, are arbitrary, capricious or an abuse of discretion[.]

II. Whether the actions and final determinations of Appellee, Workers' Compensation Division, denying medical benefits to Appellant, Brian J. Armstrong, are contrary to law[.]

III. Should the Division be estopped from denying payment of Mr. Armstrong's medical bills incurred after his compensable injury?

Appellee (the Division) provides a single issue:

A. Was the Hearing Examiner's decision within her discretion and in accordance with law?

## FACTS

On December 27, 1997, Appellant saw Dr. Giltner at Health Reach for an existing problem with back pain. As a result of that visit, Appellant received a prescription for Percocet to relieve the pain. Several days later, on December 31, 1997, Appellant fell, injuring his ankle and back, when leaving a restaurant during his lunch hour while employed at United Blood Services. He then timely filed a report of the injury with the Division. On January 8, 1998, the Division issued an Initial Review: Notice of Lack of Information, which Appellant claims he never received. However, Appellant did receive the Division's Final Determination letter dated February 3, 1998, which stated, "[b]ased on the Division's investigation, the injury is covered by the Wyoming Workers' Compensation Act *and claims for medical or disability benefits will be reviewed and paid if compensable.*" Neither Appellant nor his employer filed an appeal in response to the final determination.

Fourteen days later, on February 17, 1998, the Division issued another Initial Review: Notice of Lack of Information seeking information regarding the possibility of a pre-existing condition. On February 18, 1998, before receiving the latest notice from the Division, Appellant was admitted to Poudre Valley Hospital and underwent emergency back surgery the next day. Just prior to surgery, Appellant informed his surgeon, Dr. Turner, that payment for the surgery would be made by the Division. Dr. Turner had his nurse telephone the Division to verify this statement. She was told that Appellant had an open and active case for lumbar injury.

On May 5, 1998, the Division requested its physician, Dr. Kline, to review the medical information which had been submitted. Dr. Kline recommended "[o]n back: pay for the initial examination [plus] 10 days for re-exam etc. No more." As Appellant sent his claims to the Division, his claim analyst, Beverly Johnson, determined whether to pay or deny individual charges. The denial of payment was based upon the Division's belief that Appellant was presenting bills for the treatment of a pre-existing condition. By June 16, 1998, Appellant had incurred approximately $19,000.00 in medical bills for which the Division denied payment.

At Appellant's request, a contested case hearing was held on October 26, 1998, and the hearing examiner issued an Order Denying Benefits on November 5, 1998. An appeal was timely filed in the district court, where the matter was certified to this Court pursuant to W.R.A.P. 12.09.

## STANDARD OF REVIEW

When an administrative decision is certified to this Court pursuant to W.R.A.P. 12.09, we review the decision under the standards applicable to a reviewing court of first instance. *Sheridan Race Car Association v. Rice Ranch,* 864 P.2d 30, 32 (Wyo.1993). W.R.A.P. 12.09 requires review of an agency action in accordance with Wyo. Stat. Ann. § 16-3-114(c) (LEXIS 1999), which provides in relevant part:

(c) ... The reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law[.]

Agency action is arbitrary and capricious if it is "willful and unreasonable, without consideration and in disregard of the facts and circumstances." *Corman v. State, ex rel. Wyoming Workers' Compensation Division,* 909 P.2d 966, 971 (Wyo.1996). In evaluating whether an agency acted arbitrarily or capri-

ciously, we examine the record to determine the agency's consideration of relevant factors and whether the decision is rational. *Id.* An agency's conclusions of law will be affirmed only if they are in accordance with law. *Mitchell v. State, ex rel. Wyoming Workers' Compensation Division,* 968 P.2d 37, 40 (Wyo.1998). When the determination to be reviewed presents a mixed question of fact and law, such as when a conclusion is reached through the application of legal precepts to the factual events of a particular case, the reviewing court will defer to the findings of fact, but will correct misapplications of the law to those facts. *Aanenson v. State, ex rel. Wyoming Worker's Compensation Division,* 842 P.2d 1077, 1079–80 (Wyo. 1992).

## DISCUSSION

■ Contrary to the order in which it is presented, Appellant's argument necessarily begins with his second and third issues: whether the Division should be estopped from denying payment of Appellant's medical bills incurred after December 31, 1997, the date of his fall. Appellant insists that because the Division issued a final decision stating that his injury was compensable, the Division could not challenge payment for individual medical claims. Appellant fails to recognize the distinction between a determination that a claimed injury is compensable and the Division's authority to analyze each charge submitted by the claimant to determine whether that charge is causally related to the workplace injury. This distinction is expressly stated in the Division's final determination issued to Appellant: "claims for medical or disability benefits will be reviewed and paid if compensable." Appellant was plainly given notice that his medical bills would be paid only if they related to treatment for his compensable injury.

Wyo. Stat. Ann. § 27–14–601(b) (LEXIS 1999) states that, "[f]ollowing review of each bill and claim for medical and hospital care pursuant to W.S. 27–14–401(b), the division may approve or deny payment of all or portions of the entire amount claimed." In turn, Wyo. Stat. Ann. § 27–14–401(b) (LEXIS 1999) provides, "[n]o fee for medical or hospi-

tal care under this section shall be allowed by the division without first reviewing the fee for appropriateness and reasonableness in accordance with its adopted fee schedules." This is precisely what the Division did in this case.

■ In addition, the statement to Dr. Turner's nurse that Appellant had an open file for a lumbar injury is not equivalent to a guarantee of payment. Such pre-approval is beyond the authority held by the Division. *Daiss v. Division of Workers' Safety and Compensation,* 965 P.2d 692, 695 (Wyo.1998). Consequently, the hearing examiner did not err in her determination that the Division is not estopped from denying benefits based upon its actions in this case, and that the denial of payment is not contrary to law.

■ Finally, Appellant asserts that the hearing examiner erred in holding that the payment of some claims, and the denial or others, was not arbitrary or capricious. As one example, he points to the Division's payment for a prescription on February 20, 1998, and its refusal to pay for the same medication four days later. The record, however, presents an adequate explanation for the Division's actions. The hearing examiner found credibility in the claims analyst's testimony that some bills were paid in error because they were never submitted to her. Her case plan, after discovering Appellant's lengthy pre-existing lumbar problems, included paying all medical bills incurred within ten days of the December 31, 1997, accident. This decision was based upon a consultation with the Division's medical review staff. We find no abuse of discretion in the hearing examiner's determination that the medical bills were not paid in an arbitrary or capricious manner.

## CONCLUSION

The recognition that an injury is compensable is not a guarantee that every medical bill submitted for treatment after the injury will be considered as work-related and promptly paid. There is a substantial

amount of evidence recounting Appellant's long history of back ailments. At the same time, no evidence was presented which established that Appellant's medical bills were related to treatment for the injury he sustained on December 31, 1997. The Order Denying Benefits is affirmed.