In the Matter of the WORKER'S COMPENSATION CLAIM OF Laris HAMPTON, an Employee of Lifecare Center of Cheyenne:

Laris Hampton, Appellant (Petitioner),

v.

Lifecare Center of Cheyenne, and State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellees (Respondents).

No. 99–119.

Supreme Court of Wyoming.

April 6, 2000.

Representing Appellant: Timothy C. Kingston of Graves, Miller & Kingston, P.C., Cheyenne, Wyoming.

Representing Appellee State ex rel., Wyoming Workers' Safety and Compensation Division: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; and Bernard P. Haggerty, Senior Assistant Attorney General, Cheyenne, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

THOMAS, Justice.

In this case, the Office of Administrative Hearings found against Laris Hampton (Hampton) with respect to the timely reporting of a claimed work-related injury, and ruled that she had not met her burden of proving a lack of prejudice to her employer or the Wyoming Workers' Safety and Compensation Division (Division). An injured employee is required by Wyo. Stat. Ann. § 27–14–502(a) (Lexis 1999) to report an injury no later "than seventy-two (72) hours after the general nature of the injury became apparent * * *." Hampton offered a theory that the injury was timely reported because no one told her that her condition was work related until after she had surgery for the condition, but the hearing examiner found that her injury was not timely reported. In the absence of a timely report of her injury, Hampton is required by Wyo. Stat. Ann. § 27–14–502(c)[1] to establish by clear and convincing evidence that neither her employer nor the Division suffered prejudice in the investigation of an accident or the monitoring of medical treatment because of her late report to her employer. Our examination of the record satisfies us that there is substantial evidence to support the finding that Hampton's report of injury was not timely, and we also are satisfied from the record that the decision that Hampton failed to establish the lack of prejudice by clear and convincing evidence was not arbitrary, capricious, or an abuse of discretion. The Order Denying Benefits by the Office of Administrative Hearings is affirmed.

This statement of the issues is found in the Appellant's Opening Brief, filed by Hampton:

1. Did the Office of Administrative Hearings err by denying the Appellant's application for workers' compensation benefits?

---

1. In relevant part, Wyo. Stat. Ann. § 27–14–502 provides:

   (a) As soon as is practical but not later than seventy-two (72) hours after the general nature of the injury became apparent, an injured employee shall, in writing or by other means approved by the department, report the occurrence and general nature of the accident or injury to the employer. In addition, the injured employee shall within ten (10) days after the injury became apparent, file an injury report with the employer and the division in a manner and containing information prescribed by division rule and regulation. * * *

   * * *

   (c) Failure of the injured employee * * * to report the accident or injury to the employer and to file the injury report in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the injury and in monitoring medical treatment.

2. Did the Office of Administrative Hearings err by finding that the Appellant did not timely file her report of injury?

3. Did the Office of Administrative Hearings err by finding that the Appellant's employer and the Wyoming Workers' Safety and Compensation Division were prejudiced by the Appellant's untimely filing of her report of injury?

This Statement of the Issues is found in the Brief of Appellee, filed by the Division:

The Employee sought treatment for recurrent symptoms of a previous injury. She filed an injury report fifty-seven (57) days after she was told she needed surgery, and a week after surgery was complete.

A. Was the Hearing Examiner's denial of benefits for an untimely injury report supported by substantial evidence, within his discretion, and in accordance with law?

The Employee first experienced symptoms of her condition more than a year before her surgery.

B. Did the Employee fail to meet the burden of proof for injuries occurring over time?

C. Did the Employee submit a timely "claim for benefits?"

Hampton is a licensed practical nurse who became employed at Life Care Center of Cheyenne (Life Care) in 1990. In that year, she injured her left wrist at work while lifting a patient. Her physician prescribed pain medication and a wrist splint to treat that injury. In February of 1997, Hampton sustained another injury to her left wrist when a patient twisted it so severely that her little and ring fingers of her left hand became numb. On that occasion, a physician diagnosed the injury as an ulnar nerve compression, and he opined that it would heal without treatment in a matter of weeks. Hampton was injured a third time in April of 1997 when a patient again grabbed and twisted her left wrist, causing pain and swelling. After that injury, her physician recommended therapy, but he also noted that she might need an orthopedic evaluation. Neither Hampton nor Life Care reported these injuries to the Division.

In January 1998, Hampton was seen by her physician, and, at that time, reported that the little and ring fingers on her left hand had been numb for about six weeks. She was referred to a surgeon who, on February 2, 1998, recommended surgical release of the ulnar nerve. The next week, Hampton requested medical leave from work, but she did not say that her medical condition was work related. Life Care approved the leave request, and Hampton underwent a successful surgery on March 24, 1998.

On March 31, 1998, Hampton completed a Wyoming Report of Occupational Injury or Disease, which was received by the Division on April 2, 1998. Life Care contested the claim, asserting that Hampton did not timely report her injury. The Division issued a Final Determination denying Hampton's claim on May 18, 1998. In response, Hampton objected to the Final Determination and requested a hearing, which was held before a hearing examiner on November 23, 1998.

In resolving the issues presented under Wyo. Stat. Ann. § 27–14–502, the hearing examiner found:

9. Hampton knew or should have known on February 2, 1998, that her condition was work-related, and she should have notified Lifecare and filed a report at that time. Since she did not notify Lifecare and file a report of injury until March 31, 1998, she has failed to timely report and file as required by statute.

10. Since Hampton failed to timely report and file, it is presumed that benefits be denied. This presumption can only be refuted if she establishes by clear and convincing evidence a lack of prejudice to the Division and Lifecare. Hampton has failed to meet her burden. The Division and Lifecare were prejudiced in monitoring medical treatment because they were not aware of the claimed work injury until after surgery had been performed. Lifecare was unable to take steps to minimize any injury and adjust Hampton's work because they did not know there was a problem. Additionally, the Division and Lifecare were prejudiced in investigating the incident. Benefits are denied.

The Order Denying Benefits was entered in the Office of Administrative Hearings on December 17, 1998, and Hampton then filed a Petition for Review in the district court on January 15, 1999. The district court entered an Order Certifying Case to Wyoming Supreme Court, pursuant to W.R.A.P. 12.09, on March 15, 1999.

We review the decision of a hearing examiner in accordance with Wyo. Stat. Ann. § 16–3–114(c) (Lexis 1999), which provides that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

* * *

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

We will not disturb an agency's finding of fact unless it is clearly contrary to the overwhelming weight of the evidence. *Wyoming Steel & Fab., Inc. v. Robles,* 882 P.2d 873, 875 (Wyo.1994). Agency conclusions of law are affirmed only if they are in accord with the law. *Matter of Corman,* 909 P.2d 966, 970 (Wyo.1996). In a case such as this one, in which the hearing examiner determines the claimant has failed to rebut the presumption of prejudice, we conduct our review under the "[a]rbitrary, capricious, an abuse of discretion or otherwise not in accordance with law" standard set forth in Wyo. Stat. Ann. § 16–3–114(c)(ii). *Pederson v. State ex rel. Wyoming Workers' Compensation Div.,* 939 P.2d 740, 742 (Wyo.1997).

In arguing her first issue, Hampton challenges the finding of the hearing examiner that she did not file a timely claim. She contends that she was not aware her wrist injury was work related until after her surgery, and she promptly reported and filed a claim when she understood it was a result of the injury sustained at Life Care. The record demonstrates substantial evidence to support this finding by the hearing examiner.

Hampton had sought medical attention for her wrist injuries on at least three occasions. On the second of those occasions, she reported numbness in two fingers after a patient grabbed and squeezed her wrist on February 26, 1997. Her physician diagnosed the condition as ulnar nerve compression. When Hampton sought medical attention from a physician on February 2, 1998, complaining of identical symptoms, the physician again diagnosed an ulnar nerve entrapment. The hearing examiner refused to credit the theory that an experienced medical care giver, confronted with identical symptoms and an identical diagnosis, failed to suspect identical causation less than one year after the initial diagnosis. There is sufficient evidence in this record to demonstrate that Hampton knew or should have known her condition was work related no later than February 2, 1998. She did not complete her injury report to the Division, however, until sixty days later. We affirm the hearing examiner's conclusion that Hampton did not report her injury or file a claim in a timely manner.

Hampton next contends that even if her reporting and filing were untimely, Life Care and the Division were not prejudiced in investigating her injury or monitoring her medical treatment. In such a dispute, neither the employer nor the Division is required to prove prejudice. The statute provides:

(c) Failure of the injured employee, any dependent or personal representative to report the accident or injury to the employer and to file the injury report in accordance with subsection (a) of this section is a presumption that the claim shall be denied. The presumption may be rebutted if the employee establishes by clear and convincing evidence a lack of prejudice to the employer or division in investigating the injury and in monitoring medical treatment.

Wyo. Stat. Ann. § 27–14–502(c).

At the hearing, Hampton testified that, to her knowledge, Life Care had not investigated her injury or monitored her condition. On cross-examination, however, she admitted

that she did not know whether Life Care conducted any investigation, and it may have done so. A representative of Life Care testified that Life Care monitors the treatment of Workers' Compensation claimants. It would have done that with respect to Hampton's condition, and she would have been offered lighter duties had Life Care known she had a work-related injury. Even without the contrary evidence, the evidence supporting a lack of prejudice falls far short of being clear and convincing. We hold the hearing examiner did not err in concluding Hampton failed to establish a lack of prejudice.

Hampton also argues that Life Care's policies and procedures regarding work-related injuries were inadequate and were not effectively carried out. In addition, she contends that investigation and monitoring would have been meaningless because her surgery was inevitable. These arguments do not serve to demonstrate a lack of prejudice by clear and convincing evidence. Post hoc rationalizations, simply amounting to speculation as to what might have occurred had the injury been reported as the statute requires and a timely claim filed on appeal do not constitute clear and convincing evidence at a hearing.

The Order Denying Benefits entered by the Office of Administrative Hearings is affirmed.