2001 WYO 7

STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellant (Petitioner),

v.

Shannon M. GERRARD, Appellee (Respondent).

No. 00–56.

Supreme Court of Wyoming.

Jan. 29, 2001.

---

Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General, Representing Appellant.

Carrie Hesco, Cheyenne, WY, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, GOLDEN, HILL and KITE, JJ.

KITE, Justice.

[¶ 1] The Office of Administrative Hearings (OAH) awarded attorney's fees and costs to Appellee Shannon M. Gerrard's appointed attorney. Appellant State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division (Division) filed a request for reconsideration asserting the amount awarded was in excess of the benefits

at issue in the case and therefore violated Wyo. Stat. Ann. § 27–14–602(d) (LEXIS 1999). The OAH denied the request for reconsideration concluding that the Division had raised causation as an issue and for this reason § 27–14–602(d) did not apply to limit attorney's fees. The Division appealed the order awarding attorney's fees and the denial of the request for reconsideration to the district court, and the district court certified the case to the Wyoming Supreme Court. We disagree with the OAH's determination that § 27–14–602(d) does not apply but affirm the attorney's fee award because the attorney's fees are reasonable and within the hearing examiner's jurisdiction pursuant to application of § 27–14–602(d).

## ISSUES

[¶ 2] The Division presents two issues:

I. Was the Hearing Examiner's award of attorney fees in excess of the uncontested amount of "benefits at issue" contrary to law and an abuse of discretion?

II. In the alternative, were the Hearing Examiner's findings and conclusions inadequate?

Ms. Gerrard frames a single issue:

Was the Hearing Examiner's award of attorney fees in the amount of $486.25 arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law?

## FACTS

[¶ 3] In September 1997, while working for the City of Cheyenne, Ms. Gerrard injured her neck when she hit her head on the door frame of her work vehicle. The Division issued a final determination on October 31, 1997, that the injury was covered and

compensable. Ms. Gerrard had surgery on her cervical spine and received post-procedure treatment for her left arm and left shoulder pain. On July 8, 1998, the Division denied a claim for coverage of carpal tunnel syndrome treatment because the condition was not related to the original head/neck injury. Ms. Gerrard appealed the denial on July 16, 1998, and requested a hearing. Attorney Carrie Hesco was appointed to represent Ms. Gerrard. A contested case hearing before the OAH was scheduled.[1]

[¶ 4] On August 4, 1998, the Division denied a claim for coverage of left shoulder treatment because the condition was not related to the original head/neck injury. Ms. Gerrard appealed the shoulder treatment denial on August 7, 1998, and requested it be combined with the carpal tunnel syndrome denial which was already scheduled for hearing. She submitted a statement of benefits claimed to the OAH on August 19, 1998, which listed medical expenses incurred for both the carpal tunnel syndrome and left shoulder treatments.[2] The contested case hearing[3] was held on December 16, 1998, and the OAH issued an order denying benefits for treatment related to carpal tunnel syndrome on January 14, 1999. The order did not mention or address the pending left shoulder treatment claims in any manner.

[¶ 5] On or about December 10, 1998,[4] Ms. Gerrard applied for temporary total disability (TTD) benefits for the period July 6 through July 10, 1998, in the amount of $160.61. The Division issued a final determination on December 17, 1998, by which it denied the application because it was not filed within sixty days of the previous period of temporary disability. See Wyo. Stat. Ann. § 27–14–404(d)(i) (LEXIS 1999). Ms. Ger-

---

1. On October 15, 1998, the hearing was vacated and reset from October 29, 1998, to December 16, 1998.

2. The statement of benefits claimed stated:

   5. As a compensable injury, Claimant is also entitled to the payment of all medical expenses incurred as a result of medical procedures to Claimant's left shoulder. Medical expenses, known at this time, incurred as a result of medical procedures to Claimant's left shoulder include, but are not limited to, one bill

from the Center for Spine & Orthopedic Surgery in the amount of $212.50.

3. No transcript of the December 16, 1998, hearing was certified as part of the record.

4. The certified record does not contain a copy of Ms. Gerrard's TTD benefits application; however, the Division asserts it was filed on December 10, 1998. This date would appear to be consistent with the date of the denial and is not at issue in this proceeding.

rard appealed this denial on December 28, 1998, and requested a hearing. The OAH issued an order setting a hearing for April 6, 1999, and again appointed Attorney Hesco to represent the claimant pursuant to § 27–14–602(d). On February 10, 1999, Ms. Gerrard filed a statement of benefits claimed which listed the TTD benefits in the amount of $160.61. On March 15, 1999, Ms. Gerrard and the Division submitted a stipulated withdrawal of the TTD benefits appeal. The stipulation did not set forth the reason for the withdrawal. As of March 15, 1999, the record reflects unresolved medical claims related to left shoulder treatments in the amount of $1,511.90.[5] When added to the TTD claim for $160.61, the total unresolved benefits equaled $1,672.51.[6]

[¶ 6] Attorney Hesco filed a motion and application for attorney's fees and costs of $494.68.[7] The OAH awarded the attorney's fees and costs without reduction. The Division filed a request for reconsideration contending the award violated § 27–14–602(d) and the Wyoming Administrative Procedure Act (WAPA) because no specific findings were made regarding the benefits at issue in the contested case hearing. It did not question that Attorney Hesco expended the represented time on the case, but it did take issue with the legality of the award in light of the statute and the WAPA requirements. Attorney Hesco filed a response and asserted the injury to Ms. Gerrard's left shoulder would have been an issue had a hearing been conducted and for this reason the benefits at issue could have exceeded the TTD claim ($160.61). The OAH issued an order denying the Division's request for reconsideration stating that the case did solely rest on the issue of timeliness of the TTD application but the Division had raised the question of causation and thus § 27–14–602(d) was not applicable. The Division appealed the order awarding attorney's fees and the denial of the request for reconsideration to the district

court which certified the case to this Court pursuant to W.R.A.P. 12.09(b).

## STANDARD OF REVIEW

[¶ 7]

W.R.A.P. 12.09 provides for judicial review of agency action according to W.S. 16–3–114(c), which states that the reviewing court shall:

"(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

"(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

. . .

"(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute."

*Mitchell v. State Recreation Commission Snowmobile Trails*, 968 P.2d 37, 39 (Wyo. 1998). We review an administrative decision certified pursuant to W.R.A.P. 12.09(b) under the standards applicable to a reviewing court of first instance. *Armstrong v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 991 P.2d 140, 142 (Wyo.1999); *Sheridan Race Car Association v. Rice Ranch*, 864 P.2d 30, 32 (Wyo.1993).

When an abuse of discretion is the issue on review, the reviewing court examines the question of whether the agency's "decision was based on a consideration of relevant factors and whether it is rational." *Matter of Corman*, 909 P.2d 966, 971 (Wyo. 1996). The failure of any essential finding to be supported by substantial evidence results in an arbitrary and capricious decision and must be reversed. Our definition of substantial evidence is " 'relevant evidence which a reasonable mind might accept in support of the conclusions of the

---

5. All dates reflect the date of the Division's final determination denying coverage for the specific medical bill: 8/4/98 ($85.50); 12/28/98 ($57); 1/13/99 ($808.20 & $188.10); 1/19/99 ($60); 1/19/99 ($134.80); 2/2/99 ($28.50); 2/2/99 ($15); and 2/18/99 ($134.80).

6. Ms. Gerrard contends in her brief that the benefits at issue were a minimum of $1,525.71. The $146.80 discrepancy between her computation and our record review is not relevant or significant to resolution of this case.

7. Attorney's fees of $486.25 and costs of $8.43 comprised the total requested sum of $494.68.

agency.'" *State ex rel. Wyoming Workers' Compensation Div. v. Harris*, 931 P.2d 255, 258 (Wyo.1997) (quoting *Stuckey v. State, ex rel. Wyoming Worker's Compensation Div.*, 890 P.2d 1097, 1099 (Wyo. 1995)). When there is substantial evidence present to support the agency's finding of fact, we do not substitute our judgment for the agency finding. The reviewing court, however, may adjust the findings of fact when they are clearly contrary to the overwhelming weight of the evidence.

*Pino v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 996 P.2d 679, 683 (Wyo.2000) (some citations omitted). In determining whether the decision is supported by substantial evidence, we examine the entire record. *Pittman v. State ex rel. Wyoming Workers' Compensation Division*, 917 P.2d 614, 617 (Wyo.1996). "Agency conclusions of law are affirmed only if they are in accord with the law." *Hampton v. Lifecare Center of Cheyenne*, 3 P.3d 837, 840 (Wyo.2000).

[¶ 8] This case also requires this Court to consider a question of first impression with regard to the proper interpretation of § 27–14–602(d) as amended in 1995.

The interpretation and correct application of the provisions of the Wyoming Workers' Compensation Act is a question of law over which our review authority is plenary. Conclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law.

*Wright v. State ex rel. Wyoming Workers' Safety and Compensation Division*, 952 P.2d 209, 211 (Wyo.1998) (citations omitted); *see also Osenbaugh v. State ex rel. Wyoming Workers' Compensation Division*, 10 P.3d 544, 547 (Wyo.2000).

[¶ 9] Our review begins with an inquiry into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. *Platte Development Company v. State Environmental Quality Council*, 966 P.2d 972, 974 (Wyo.1998). If more than one reasonable interpretation exists, we resort to general principles of statutory construction. *Id.* However, when the legislature has spoken in unambiguous terms, we are bound to the results so expressed. *Id.*

## DISCUSSION

[¶ 10] The Division contests the validity of both the OAH's order awarding attorney's fees and the denial of reconsideration of that order. It contends these orders violate § 27–14–602(d)[8] and, in the alternative, fail to provide sufficient findings of fact to comport with the requirements of Wyo. Stat. Ann. § 16–3–110 (LEXIS 1999)[9] and

8. Section 27–14–602(d) provides:

(d) Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer. In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the contested case hearing. In all other cases if the employer or division prevails, the attorney's fees allowed an employee's attorney shall not affect the employer's experience rating. Attorney fees allowed shall be at an hourly rate established by the director of the office of administrative hearings and any application for attorney's fees shall be supported by a verified itemization of all services provided. No fee shall be awarded in any case in which the hearing examiner determines the claim or objection to be frivolous and without legal or factual justification.

9. Section 16–3–110 provides:

A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Parties shall be notified either personally or by mail of any decision or order. A copy of the decision and order shall be delivered or mailed forthwith to each party or to his attorney of record.

W.R.C.P. 54(d).[10] Having thoroughly reviewed the record, we conclude this latter complaint is legitimate with regard to the original order awarding attorney's fees issued on or about August 10, 1999. The document contains no findings of any nature to support the attorney's fee award. It appears to be a fill-in-the-blank form order and, we speculate, may be used when there is no initial Division objection to a fee application and the requested fee appears on its face to be reasonable. Although the Division's contentions are valid with regard to this first order, that order was supplemented by the order denying the request for reconsideration. This subsequent order set out the findings: "The Final Determination in this case did rest solely on the issue of timeliness of the temporary total disability application. However, by the Division's own disclosure statement filed on February 24, 1999, the Division also raised the question of causation." On the basis of these findings, the OAH reached the following conclusion of law: "Wyo. Stat. Ann. § 27–14–602(d) (Michie 1997)[,] limiting attorneys fees to the amount in controversy, is not applicable."

■ [¶ 11] From our review of this entire record, we conclude the finding that the case involved the *sole* issue of timeliness of the TTD benefits application is not supported by substantial evidence. The record clearly evidences that Ms. Gerrard appealed the compensability of her left shoulder treatments in August of 1998. The Division asserts Ms. Gerrard only listed the TTD benefits in her statement of benefits claimed filed on February 10, 1999. However, the record reveals that she had already raised these issues in her August 19, 1998, statement of benefits claimed which was filed with the OAH and

served on the Division. The record also reflects that she made at least two separate requests that the shoulder issue be addressed at the scheduled carpal tunnel syndrome hearing. The OAH decision regarding the carpal tunnel syndrome claims failed to adjudicate the left shoulder claims. The record contains a minimum of nine separate medical bills which were denied coverage and remained unresolved at the time the parties stipulated to terminate the contested case proceeding.[11] Conspicuously absent from the record is any OAH decision resolving the outstanding left shoulder claims. On the basis of this overwhelming evidence, we conclude that the contested case issues remaining for consideration at the time the parties stipulated to terminate the contested case proceeding included the TTD benefits denial and all the outstanding shoulder claims. A hearing examiner's decision as to the facts will be overturned if it is clearly contrary to the overwhelming weight of the evidence. *Shryack v. Carr Construction Company, Inc.*, 3 P.3d 850, 854 (Wyo.2000).

■ [¶ 12] We now consider whether the finding that the Division raised the issue of causation has any relevance to the application of § 27–14–602(d) or the award of attorney's fees in this matter. The Division did assert in its disclosure statement that Ms. Gerrard would have to establish causation as an element of proving her entitlement to TTD benefits.[12] It is logical that, had the TTD benefits proceeded to hearing, the causation nexus between Ms. Gerrard's original head/neck injury and her later claim for TTD benefits would be a required element of her proof. *State ex rel. Wyoming Workers Safety and Compensation Division v. Wright*, 983 P.2d 1227, 1233 (Wyo.1999). It is none-

---

10. W.R.C.P. 54(d)(2)(C) (emphasis added) states:
    (C) On request of a party or class member, the court shall afford an opportunity for adversary submissions with respect to the motion in accordance with Rule 43(e). The court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court. *The court shall find the facts and state its conclusions of law as provided in Rule 52(a), and a judgment shall be set forth in a separate document as provided in Rule 58.*

11. *See supra* note 5.

12. The Division's disclosure statement dated February 24, 1999, stated in pertinent part:

    (f) The Employee Claimant has the burden of proof in this case as to all other elements of a claim for temporary total disability including, but not limited to, causation and the actual existence of the disability itself.

theless irrelevant to the applicability of § 27–14–602(d) or the award of attorney's fees. The OAH seems to treat the mention of causation as a means to except the attorney's fees award from the statute. We find no authority in the case law or statutes for this legal conclusion. Section 27–14–602(d) nowhere mentions the word "causation" nor does it provide for such an exception. This being the case, we must conclude the causation finding was irrelevant to the determination of the applicability of § 27–14–602(d) and the OAH's legal conclusion that the statute did not apply was in error.

■ [¶ 13] It being concluded § 27–14–602(d) applies, we now address the pivotal issue of whether, as the Division contends, the statutory language precludes the employee's attorney from being awarded attorney's fees in excess of the sums at issue in the contested case proceeding. In order to ascertain this issue, we must examine and interpret the language of the statute.

[¶ 14] In 1995, § 27–14–602(d) was amended by the legislature to add the language denoted by bold italics, as follows:

(d) Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer. *In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the contested case hearing. In all other cases* if the employer or division prevails, the attorney's fees allowed *an employee's attorney* shall not affect the employer's experience rating. *Attorney* fees allowed shall be at an hourly rate established by the director of the office of administrative hearings and any application for attorney's fees shall be supported by a verified itemization of all services provided. No fee shall be awarded in any case in which the hearing examiner determines the claim *or objection* to be frivolous and without legal or factual justification.

1995 Wyo. Sess. Laws ch. 193, § 1.

[¶ 15] The first sentence of the statute remained unchanged and provides that "the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding." The hearing examiner's jurisdiction to appoint counsel for the employee and award reasonable attorney's fees at the conclusion of the proceeding was retained wholly intact. The change affected by the added amendment language was that, in the event of a contested case regarding compensability of an injury, a prevailing employer's attorney's fees could be awarded but were not to exceed the benefits at issue in the contested case hearing. The hearing examiner's jurisdiction to award a prevailing employer's attorney's fees not to exceed the benefits at issue in the contested case hearing was added. Contrary to the Division's contention, the language did not diminish or limit the hearing examiner's jurisdiction to appoint counsel for the employee and award that attorney reasonable fees. To conclude otherwise would render the first sentence of the statute meaningless, and this we will not do. *US WEST Communications, Inc. v. Wyoming Public Service Commission,* 989 P.2d 616, 619–20 (Wyo.1999); *McClellan v. State,* 933 P.2d 461, 465 (Wyo.1997).

[¶ 16] Our conclusion is further supported by the preamble language to this session law:

AN ACT to amend W.S. 27–14–602(d) and 27–14–615 relating to worker's compensation; allowing payment of attorney fees incurred by prevailing employers in contested cases and appeals; specifying that fees shall not be awarded in the case of certain frivolous claims or objections; and providing for an effective date.

1995 Wyo. Sess. Laws ch. 193. Likewise it is consistent with our holding in *Painter v. State ex rel. Wyoming Worker's Compensation Division*, 931 P.2d 953, 955 (Wyo.1997), *abrogated on other grounds by Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998), that a hearing examiner has jurisdiction to appoint counsel for an employee when the Division issues a final determination regarding compensability of an injury and further to award fees to the appointed attorney at the conclusion of the proceedings, regardless of whether a full contested case hearing is held.

[¶ 17] This Court has the authority to adjust factual findings based on the overwhelming evidence in the record and to correct errors of law. *Pino*, 996 P.2d at 683. The record clearly reflects that Attorney Hesco was appointed pursuant to § 27–14–602(d). This provision specifies that the hearing examiner may allow the appointed attorney a reasonable fee for services at the conclusion of the proceedings. Attorney Hesco's participation and the resulting stipulated dismissal meant the considerable expense of a full contested case hearing was avoided. In *Painter*, we anticipated that the early involvement of appointed attorneys on behalf of employees would have this kind of positive effect and result in only those matters requiring a full contested case hearing proceeding to that extent. Such an outcome benefits all parties. The Division conceded Attorney Hesco's fees were reasonable. Therefore by application of § 27–14–602(d), the hearing examiner had the jurisdiction to award these reasonable attorney's fees.

[¶ 18] We turn briefly to the Division's position that these OAH orders failed to provide sufficient findings of fact to comport with the requirements of § 16–3–110 and W.R.C.P.-54(d). The OAH reached the correct result payment of the attorney's fees through the wrong course. In the exercise of our authority, we have remedied the errors and applied the correct law to the facts contained in the record. We believe remand under these circumstances for issuance of findings of fact consistent with this decision would be a superfluous requirement. In this regard, we note with some concern that funds in excess of the fee sought in this matter were expended by the Division to contest the payment. Clearly, Attorney Hesco also incurred additional costs. The time and resources of this Court were likewise utilized. We are of the opinion that the decision to bring this case presents a questionable use of limited means.

[¶ 19] Affirmed.