2007 WY 192

**Leslie L. YOTHER, Appellant (Petitioner),**

v.

**STATE of Wyoming, ex rel., WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).**

**No. S–07–0041.**

Supreme Court of Wyoming.

Dec. 11, 2007.

Representing Appellant: David M. Gosar, Jackson, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   After sustaining a work related injury, Leslie Yother applied for worker's compensation benefits.  The Workers' Compensation Division (Division) awarded him medical, temporary total disability and impairment benefits.  Later, after undergoing surgery for the injury, Mr. Yother applied for permanent partial disability (PPD) benefits.  The Division denied his claim, Mr. Yother objected and, after a hearing, the Office of Administrative Hearings (OAH)

also denied the claim. Mr. Yother then sought review in district court, which affirmed the denial. Mr. Yother appealed to this Court, claiming the denial was in error because it was based on the unsupported, arbitrary and erroneous conclusion that he failed to meet his burden of proving that he could not return to work at a wage comparable to or higher than the amount he was earning at the time of his injury. We reverse.

## ISSUES

[¶ 2] Mr. Yother states the issues for this Court's determination as follows:

I. Is the order denying permanent partial disability benefits supported by substantial evidence and/or is the decision arbitrary and capricious? Specifically, did the OAH err when it failed to consider Mr. Yother's overtime earnings in its calculations, and consequently, mistakenly concluded that jobs were available paying a comparable amount to his pre-injury employment earnings?

II. Did the OAH err as a matter of law when it concluded that Mr. Yother could return to work at a comparable wage to the wage he was earning at the time of injury?

The Division asserts the OAH decision was in accordance with the law and was not arbitrary or capricious.

## FACTS

[¶ 3] Mr. Yother injured his right shoulder on October 19, 1999, when the water truck he was driving as an employee of S & L Industrial (S & L) rolled over. He filed a report of injury with the Division and received worker's compensation benefits. He returned to work following the accident but continued to have pain in his shoulder. In March of 2001, Mr. Yother underwent sur-

gery to repair the damage to his shoulder. Eventually, the Division assigned Mr. Yother a 13% whole body impairment rating. He was released to return to work with lifting restrictions, but was unable to find employment.

[¶ 4] In April of 2003, Mr. Yother applied for PPD benefits. The Division obtained a vocational evaluation, which reflected three different figures for Mr. Yother's hourly wage at the time of the injury: $9.87 per hour based upon the employer's report of injury; $18.00 per hour, the amount Mr. Yother claimed he was making; and $12.25 per hour, the rate calculated by the evaluator based upon figures provided to her by S & L. The evaluator reached the following conclusions concerning the availability of jobs with Mr. Yother's work experience and restrictions: 1) five jobs that paid 95% or more than $9.87 per hour; 2) four jobs that paid 95% or more than $12.25 per hour; and 3) no jobs that paid 95% or more than $18.00 per hour. The Division denied Mr. Yother's claim for PPD benefits.

[¶ 5] Mr. Yother objected and the matter was set for hearing before the OAH. At the time of the hearing, the parties agreed the 1999 version of Wyo. Stat. Ann. § 27–14–405(h)(i) governed the case. The statute provided in relevant part as follows:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

(i) The injured employee is because of the injury, unable to return to employment at a comparable or higher wage than the employee was earning at the time of injury;[1]

Applying this provision, the hearing examiner concluded that Mr. Yother failed to meet his burden of proving that he was unable to return to work at a comparable or higher wage than he was earning at the time of the

---

1. Prior to the contested case hearing, the parties were in agreement that the 2000 version of the statute applied. That version of § 27–14–405(h)(i) provides:

(h) An injured employee awarded permanent partial impairment benefits may apply for a permanent disability award subject to the following terms and conditions:

(i) The injured employee is because of the injury, unable to return to employment at a wage that is at least ninety-five percent (95%) of the monthly gross earnings the employee was earning at the time of injury.

injury. Specifically, the hearing examiner concluded that Mr. Yother was earning between $9.87 and $12.25 per hour and, according to the vocational evaluation, jobs were available with earnings in that range. The district court affirmed the OAH order.

## STANDARD OF REVIEW

[¶ 6] In an appeal from a district court's decision on a petition for review of administrative action, we afford no deference to the district court's decision and, instead, review the case as if it came directly from the agency. *Bonsell v. State ex rel. Wyo. Workers' Safety and Comp. Div.*, 2006 WY 114, ¶ 7, 142 P.3d 686, 688 (Wyo.2006). Judicial review of agency decisions is limited to those considerations specified in Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2007), which provides in pertinent part:

> (c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
>
> . . . .
>
> (ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
>
> (A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
>
> . . . .
>
> (E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Additionally, we have said:

> We do not defer to the agency's determination on issues of law; instead, we will correct any error made by the agency in either interpreting or applying the law.

*Bonsell*, ¶ 9, 142 P.3d at 689 (citations omitted).

## DISCUSSION

[¶ 7] Mr. Yother claims the hearing examiner's ruling was not supported by substantial evidence, was arbitrary and capricious, and was legally incorrect because it failed to consider the overtime pay he regularly earned while employed by S & L when calculating his earnings. Mr. Yother claims this omission led the hearing examiner to erroneously conclude that there were jobs available at a wage higher than, or comparable to, what he was earning at the time he was injured. Mr. Yother asserts that the evidence showed his earnings with overtime pay were $14.12 per hour and there were no jobs available at a comparable or higher wage.

[¶ 8] The hearing examiner made the following findings concerning Mr. Yother's earnings at the time of his injury:

> 16. . . . The evidence also established there is a question as to the exact amount Yother was earning at the time of his injury. Yother claimed he was earning $14.80 an hour at the time of his injury based upon the monthly wage computation for temporary total disability. The Report of Injury indicated Yother was paid $9.87 an hour and the vocational evaluation indicated Yother was earning $12.25 an hour based on information obtained from S & L. The vocational evaluation determined there were five jobs that paid a comparable wage to the report of injury wage and four jobs that paid a comparable wage to the wage information from S & L.

Thus, the hearing examiner's findings reflected that evidence was presented showing three different figures for Mr. Yother's hourly earnings in 1999 and available jobs paying a wage comparable to or higher than only two of those figures.

[¶ 9] Based upon his findings, the hearing examiner reached the following conclusions of law:

> 5. Yother has failed to meet his burden and has failed to establish he is unable to return to work at a wage comparable to or higher than the wage he was paid at the time of his injury as required by Wyo.

Stat. Ann. § 27–14–405(h)(i) (LEXIS 1999). Yother claimed he was earning $14.80 an hour at the time of his injury based upon the monthly wage computation for temporary total disability. The Report of Injury indicated Yother was paid $9.87 an hour and the vocational evaluation indicated Yother was earning $12.25 per hour based on information obtained from S & L. The vocational evaluation determined there were five jobs that paid a comparable wage to the report of injury wage and four jobs that paid a comparable wage to the wage information from S & L. There are jobs available within Yother's limitations that pay a wage comparable to his wage at the time of his injury and PPD benefits are therefore denied.

[¶ 10] Our review of the record discloses two difficulties with the hearing examiner's findings and conclusions. First, the findings and conclusions do not explain why the hearing examiner disregarded Mr. Yother's claim that he was earning $14.12 per hour at the time of his injury, which was apparently based upon the earnings sheet from the employer introduced at the hearing as well as the Division's own monthly wage computation for temporary total disability. Without explanation, such as a conclusion that the evidence was not credible, the hearing examiner focused instead on the evidence that Mr. Yother was earning $9.87 and $12.25, wages at which jobs were available. On this basis, the hearing examiner concluded that Mr. Yother had failed to meet his burden of proving that he was unable to return to work at a comparable or higher wage than he was earning at the time of the injury.

[¶ 11] Second, and perhaps more importantly, the $12.25 per hour wage was calculated by the vocational evaluator based upon information obtained from Mr. Yother's employer, which was consistent with the earnings sheet received into evidence at the hearing, and that calculation appears to be incorrect. The vocational evaluation stated that according to an employer interview, Mr.

Yother earned $790 the week prior to his injury and worked a 56–hour week. The earnings sheet portrays the same information. From this information, the evaluator concluded "this is a salary of approximately $12.25 per hour." Given that 790 divided by 56 equals 14.10, not 12.25, it is unclear how the evaluator arrived at the $12.25 per hour wage. It appears that the hearing examiner's finding that Mr. Yother was earning $12.25 per hour at the time of his injury was based on the vocational evaluator's miscalculation.[2]

[¶ 12] We have said that an agency ruling must contain sufficient factual findings to enable this Court to understand the basis of the hearing examiner's conclusions. *State ex rel. Dept. of Transp. v. Legarda,* 2003 WY 130, ¶ 12, 77 P.3d 708, 712 (Wyo.2003); *Newman v. State ex rel. Wyo. Workers' Comp. and Safety Div.,* 2002 WY 91, ¶ 16, 49 P.3d 163, 169 (Wyo.2002). Where a ruling does not contain such findings as would permit us to follow the agency's reasoning from the evidentiary facts to its legal conclusions, the ruling must be set aside. *Id.* Here, it is not clear from the findings or the conclusions why the hearing examiner disregarded the evidence that Mr. Yother was making approximately $14.00 per hour at the time he was injured. Absent some stated reason for disregarding that evidence, we are unable to follow the hearing examiner's conclusion that jobs were available at a wage comparable to or higher than the amount Mr. Yother was earning at the time he was injured.

[¶ 13] Moreover, it appears from the record that the hearing officer's ruling was based on the vocational evaluator's erroneous conclusion that information received from the employer indicated that Mr. Yother was earning $12.25 per hour at the time he was injured. The failure of any essential finding to be supported by substantial evidence results in an arbitrary and capricious decision and must be reversed. *Pino v. State ex rel. Wyo. Workers' Safety & Comp.*

2. Contrary to Mr. Yother's claim on appeal, the hearing examiner did not fail to consider overtime. The hearing examiner relied upon a wage of $12.25 per hour, which was higher than Mr. Yother's base pay of $9.87 shown in the report of injury. To arrive at the $12.25 per hour wage, the hearing examiner must have considered overtime. However, as we have discussed, it appears the hearing examiner did rely on an incorrect overtime pay rate.

*Div.,* 996 P.2d 679, 683 (Wyo.2000). This Court has the authority to adjust factual findings based on the overwhelming evidence in the record and to correct errors of law. *State ex rel. Wyo. Workers' Safety and Comp. Div. v. Gerrard,* 2001 WY 7, ¶ 17, 17 P.3d 20, 27 (Wyo.2001). Based upon undisputed evidence in the record, the information received from the employer showed Mr. Yother was earning $14.10 per hour rather than the $12.25 calculated by the vocational evaluator. Thus, the hearing examiner's conclusion that Mr. Yother failed to meet his burden of proving that no jobs were available at a comparable or higher wage was arbitrary and capricious and not supported by substantial evidence. Under these circumstances, the hearing examiner's order cannot stand absent some explanation as to why he disregarded the hourly pay of approximately $14.00.

[¶ 14] The district court's order affirming the hearing examiner's order is reversed. The case is remanded to the district court for remand to the OAH with instructions to enter an order awarding benefits consistent with this opinion.