**H.R. JOHNSTON, Appellant (Defendant),**

v.

**William J. STEPHENSON,
Appellee (Plaintiff).**

**No. 96–279.**

Supreme Court of Wyoming.

June 6, 1997.

H.R. Johnston, Pro Se.

Todd Hambrick of Krampner, Fuller & Hambrick, Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant H.R. Johnston appeals from the judgment which awarded attorney's fees to Appellee William J. Stephenson.

We affirm.

## ISSUES

Johnston presents the following issues for our review:

A. Did the District Court Judge abuse his discretion in awarding attorney fees to Appellee without evidence in the record of the reasonableness of the fees?

B. Has Appellee forfeited his right to attorney fees by failing to present evidence as to the reasonableness of attorney fees after having been given the opportunity to do so?

## FACTS

On April 8, 1995, Johnston executed a non-interest bearing promissory note which was payable to Stephenson in the principal amount of $40,000. The promissory note provided that Johnston would pay "all costs and expenses of collection, including reasonable attorney's fees" in the event that he defaulted on the note. Johnston paid $25,000 pursuant to the terms of the promissory note, but he failed to make the last payment of $15,000 which was due on March 1, 1996.

Stephenson sued Johnston for the $15,000 and sought reasonable attorney's fees in an amount to be determined. Johnston did not file an answer, and Stephenson requested an entry of default, claiming $5,000 in attorney's fees—33 1/3 percent of the gross recovery. A default judgment was entered against Johnston. Johnston objected to the amount of the attorney's fees which Stephenson had claimed, and he submitted an affidavit from an attorney who indicated that "customary and reasonable attorney fees" in a default situation should be no more than $500. Stephenson responded by submitting an affidavit from a Casper attorney who testified that 33 1/3 percent of the gross recovery of a debt was generally a reasonable attorney's fee and that this percentage was especially reasonable in this case given the facts. Stephenson also submitted an itemized bill for the attorney's fees which had been incurred.

After a hearing on the matter, the district court granted Stephenson's request for $5,000 in attorney's fees, finding that contingent fee arrangements were typical in this type of case and that 33 1/3 percent of the gross recovery of a debt was an appropriate attorney's fee.

Johnston filed a motion for reconsideration, relying on *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584 (Wyo. 1989), for the proposition that a contingent fee agreement is not *per se* reasonable. The district court granted Johnston's motion for reconsideration and asked the parties whether an additional hearing would be necessary. Stephenson informed the district court that all the essential evidence had already been presented for the determination of the reasonableness of the attorney's fees and that, therefore, an additional hearing would not be required. After reviewing the evidence before it, the district court reduced the award of attorney's fees to $1,732.35. Johnston appeals from that award.

## STANDARD OF REVIEW

We review an award of attorney's fees under an abuse of discretion standard. *State Department of Family Services, Division of Public Assistance and Social Services v. DDM,* 877 P.2d 259, 262 (Wyo.1994). A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances. *Goff v. Goff,* 844 P.2d 1087, 1092 (Wyo.1993). The burden is placed upon the party who is attacking the trial court's ruling to establish an abuse of discretion, and the ultimate issue is whether the court could reasonably conclude as it did. *Id.*

## DISCUSSION

Johnston asserts that the district court abused its discretion in awarding attorney's fees to Stephenson because Stephenson failed to present evidence on the reasonableness of the claimed attorney's fees and he, therefore, forfeited his right to be awarded attorney's fees. Stephenson counters that the itemized bill, coupled with the expert affidavit testimony, supported the reasonableness of the award of attorney's fees.

Wyoming has adopted the federal "lodestar" test for the determination of the reasonableness of attorney fees. The lodestar test requires that two factors be considered: (1) whether the fee charged represents the product of reasonable hours times a reasonable rate; and (2) whether

other factors of discretionary application should be considered to adjust the fee either upward or downward. The party who is seeking an award of fees has the burden of providing proof of the reasonableness of his fee. In order to meet that burden of proof, the claimant must present not only an itemized billing reflecting the time and the rate, but there must be evidence demonstrating that the fee was reasonable.

*Hinckley v. Hinckley,* 812 P.2d 907, 915 (Wyo.1991) (citations omitted). WYO. STAT. § 1–14–126(b) (Supp.1996) governs awards for attorney's fees and provides:

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

█ The promissory note required Johnston to pay all costs of collection including reasonable attorney's fees in the event that he defaulted on the note. Stephenson supplied the district court with an itemized statement for $3,122.35 in attorney's fees as well as expert affidavit testimony which expressed that $5,000 was a reasonable attorney's fee. The district court reviewed the itemized statement and adjusted the total by excluding charges which had not been proven to be reasonable, properly awarding $1,732.35 in attorney's fees to Stephenson.

Affirmed.