**Frank SHENEMAN, Appellant (Petitioner),**

v.

**DIVISION OF WORKERS' SAFETY AND COMPENSATION INTERNAL HEARING UNIT, DEPARTMENT OF EMPLOYMENT, STATE OF WYOMING, Appellee (Respondent).**

**No. 97–197.**

Supreme Court of Wyoming.

July 9, 1998

Donald L. Painter of Donald L. Painter, P.C., Casper, for Appellant(Petitioner).

William U. Hill, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald W. Laska, Senior Assistant Attorney General; Bernard P. Haggerty, Assistant Attorney General, for Appellee(Respondent).

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR*, JJ.

---

* Chief Justice at the time of expedited conference.

THOMAS, Justice.

The only issue before the Court in this case is whether the district court erred in denying attorney fees requested for the representation of Frank Sheneman (Sheneman) in a judicial review proceeding. Sheneman petitioned the court to review an order of the Internal Hearing Unit of the Workers' Compensation and Safety Division, Department of Employment (IHU) that denied the relief sought by Sheneman. Sheneman also appealed from the Order of the district court that affirmed the decision of the IHU, but that Order was the subject of Sheneman's appeal in *Sheneman v. Division of Workers' Safety and Compensation Internal Hearing Unit,* 956 P.2d 344 (Wyo.1998) (*Sheneman I*), and it will not be revisited here. The district court entered an Order Denying Attorney Fees, ruling that the award of attorney fees is authorized by statute only when review is sought of a contested case hearing involving benefits, and the petition for review before the court did not relate to a contested case hearing involving benefits. We affirm the Order Denying Attorney Fees.

In the Appellant's Brief, the issue that is raised is:

1. Whether determination of the merits on Appellant's late filing should have been referred to the Internal Hearing Unit (IHU) or the Office of Administrative Hearings (OAH).

In the Brief of Appellee, the issues that are raised are:

A. The Employee's Motion cited no authority for fees. The Act in effect at the time of the injury limited fees to the amount of benefits at issue in the district court. No benefits were at issue in the district court, only the timeliness of the Employee's objection. Was the denial of fees an abuse of discretion?

B. The Employee has disregarded the Wyoming Rules of Appellate Procedure. Should the Court summarily affirm?

The procedural and factual background pertinent to this appeal is set forth in *Sheneman I*. While that case was pending in this Court, Sheneman filed a Motion for Award of Attorney's Fee in the district court, in which he sought to be awarded attorney's fees for his representation in the review of the order from the IHU. On behalf of the IHU, an Objection to Motion for Award of Attorney's Fee was filed, and Sheneman then filed a Traverse to Objection to Motion for Award of Attorney's Fee. The district court denied Sheneman's motion on the ground that his attorney's representation "did not involve a contested case hearing involving benefits * * *." The district court also ruled that the Wyoming Worker's Compensation Act, WYO. STAT. § 27–14–101 through –805 (1997), authorizes attorney's fees only upon review of a contested case hearing involving benefits, and that Sheneman had failed to point to any statutory authority for awarding attorney's fees.

We do not address the issue articulated by Sheneman in his brief. That claim of error is controlled by *Sheneman I*. We also have ruled in another case that the IHU has authority to determine whether a request for a contested case hearing was timely filed. *Poll v. State ex rel. Worker's Comp.,* 963 P.2d 977 (Wyo.1998). That issue has been definitively resolved contrary to Sheneman's position.

■ Sheneman contends that he should have been awarded attorney's fees for representation on his petition to review the order of the IHU. The issue, as noted by the district court, is whether the Wyoming Worker's Compensation Act furnishes any authority for an award of attorney's fees in an instance such as this. That issue is a question of law, and our review of the district court's determination is plenary. *Tenorio v. State ex rel. Workers' Compensation Div.,* 931 P.2d 234, 237 (Wyo.1997); *Claim of Nielsen,* 806 P.2d 297, 299 (Wyo.1991). No deference is afforded to the decision of a district court on issues of law. *V–1 Oil Co. v. State,* 934 P.2d 740, 742 (Wyo.1997); *Griess v. Office of the Atty. Gen., Div. of Criminal Investigation,* 932 P.2d 734, 736 (Wyo.1997).

■ The rule in Wyoming is that attorney's fees are not recoverable in the absence of specific statutory authority, unless there is a contract providing for them. *Snodgrass v. Rissler & McMurry Co.,* 903 P.2d 1015, 1017

(Wyo.1995); *UNC Teton Exploration Drilling, Inc. v. Peyton,* 774 P.2d 584, 594 (Wyo. 1989). At the time Sheneman was injured, the sole authority for attorney's fees to be awarded under the Wyoming Worker's Compensation Act was set forth in WYO. STAT. § 27–14–615 (Wyo.1995) (emphasis added), which provided:

> The district court may appoint an attorney to represent the employee during proceedings in the district court and appeal to the supreme court. The district court may allow the attorney a reasonable fee for his services at the conclusion of the proceedings in district court and the supreme court may allow for reasonable fees for services at the conclusion of the proceedings in the supreme court. In any appeal where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the district court or supreme court from the worker's compensation account, not to affect the employer's experience rating. **An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the appeal.** In all other cases, if the employer or division prevails in the district court or supreme court, as the case may be, the fees allowed an employee's attorney shall not affect the employer's experience rating.

 We analyze this statute in accordance with our traditional rules relating to statutory construction and interpretation. The controlling consideration is legislative intent, as manifested in the plain language of the statute. *Casper Oil Co. v. Evenson,* 888 P.2d 221, 225 (Wyo.1995); *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1042 (Wyo.1993). A statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with predictability and consistency. *Allied–Signal, Inc. v. Wyoming State Bd. of Equalization,* 813 P.2d 214, 220 (Wyo. 1991), *followed by, State Dept. of Revenue and Taxation v. Pacificorp.,* 872 P.2d 1163, 1166 (Wyo.1994). The plain language of this statute limits an award of attorney's fees to the benefits at issue in the appeal.

No benefits were at issue in the review of the final order by the IHU that Sheneman sought in the district court. The only issue was whether Sheneman had made a timely filing of his objection to the Final Determination of the Division of Worker's Safety and Compensation, Department of Employment and a request for a hearing. The district court correctly determined that no attorney's fees were authorized pursuant to statute because no benefits were at issue in the review sought by Sheneman. The plain and unambiguous language of WYO. STAT. § 27–14–615 forecloses Sheneman's claim for attorney's fees.

The Order Denying Attorney Fees entered in the district court is affirmed.