**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHEVRON U.S.A. INC.,

    Plaintiff-Counterclaim
Defendant-Appellant,

v.

THOMAS MORGAN,

    Defendant-Counterclaimant,

---

BOLACK MINERALS COMPANY,
a New Mexico general partnership, in
substitution for Tom Bolack, deceased,

    Defendant-Counterclaimant-
Appellee.

No. 99-8000
(D.C. No. 96-CV-1017-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**  *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-counterclaim defendant Chevron U.S.A. Inc. appeals from the district court's order granting attorney fees in favor of defendant-counterclaimant Bolack Minerals Company. The district court's order was entered pursuant to Wyo. Stat. Ann. § 30-5-303(b), which provides for reasonable attorney fees and court costs to the prevailing party in an action brought to collect "[t]he proceeds derived from the sale of production from any well producing oil, gas or related hydrocarbons." Wyo. Stat. Ann. § 30-5-301(a). We have jurisdiction over this diversity action pursuant to 28 U.S.C. §§ 1332(a), 1291. We affirm.

Plaintiff and defendant entered into a unit operating agreement under which plaintiff operated the Painter Reservoir Unit, a natural gas field, and paid defendant his share of the gas sales. In 1993, a fire at a well injured several workers who sued plaintiff for their injuries. Plaintiff then filed this action to collect defendant's proportionate share of the settlement amount paid to the injured workers, and withheld defendant's gas revenues to apply against its portion of the settlement payment. Defendant refused to contribute to the settlement and counterclaimed to collect the money withheld, asserting plaintiff

had wrongfully withheld payment under the Royalty Payment Act, Wyo. Stat. Ann. §§ 30-5-301 to 30-5-305. The district court certified to the Wyoming Supreme Court the question whether defendant was required to contribute to the settlement, and that court responded that defendant was not liable for contribution to the settlement fund. See Bolack v. Chevron, U.S.A. Inc., 963 P.2d 237, 242 (Wyo. 1998). Plaintiff then paid the gas revenues to defendant. Thereafter, the district court awarded to defendant [1] the total amount of attorney fees and costs incurred in the case, finding that all were necessarily incurred to obtain the withheld gas revenues.

Plaintiff appeals, claiming the district court erred in awarding attorney fees because they were incurred in defending the contract action, not in collecting the gas revenues. It also challenges the costs awarded. Plaintiff concedes that it was required to pay the gas revenues to defendant, but argues that it did not have to pay those revenues until the Wyoming Supreme Court ruled that defendant was not liable for contribution to the settlement fund. Plaintiff maintains that it had the right to retain the proceeds until that time since the unit operating agreement allowed plaintiff to place a lien on the proceeds as security for costs chargeable to

---

[1]   Defendant's insurance company had subrogated it for its attorney fees and costs incurred in this lawsuit.

defendant. See Appellant's App. Vol. II, at 369 (unit operating agreement, art. 15.5).

"Because this is a diversity case, we apply the forum state's choice of law rules." West Am. Ins. Co. v. AV & S, 145 F.3d 1224, 1227 (10th Cir. 1998). We apply Wyoming substantive law to this case arising in Wyoming and involving a Wyoming statute. See Dobbs v. Chevron U.S.A., Inc., 39 F.3d 1064, 1068 (10th Cir. 1994). The legal analysis underlying an award of attorney fees is reviewed de novo. See West Am. Ins. Co., 145 F.3d at 1230. The award of attorney fees is reviewed for abuse of discretion, and the burden is on the party challenging the award to demonstrate an abuse of discretion. See Johnston v. Stephenson, 938 P.2d 861, 862 (Wyo. 1997).

We first determine that the Royalty Payment Act applies to the gas revenues due to defendant. The legislative purpose of the Act was "to stop oil producers from retaining other people's money for their own use." Independent Producers Mktg. Corp. v. Cobb, 721 P.2d 1106, 1110 (Wyo. 1986). Because it is a remedial statute, we must construe it liberally. See Moncrief v. Harvey, 816 P.2d 97, 105 (Wyo. 1991).

Here, plaintiff failed to pay gas revenues to defendant, thereby invoking the Act. Plaintiff's reason for withholding the revenues, that the unit operating agreement provided for a lien on them for costs, and its rationale that the

Wyoming Supreme Court's ruling could not have been anticipated, do not remove it from the reach of the statute. "Equity is not a factor for consideration because there are no exceptions in the Act providing justification for royalty nonpayment." Cities Serv. Oil & Gas Corp. v. State, 838 P.2d 146, 156 (Wyo. 1992); accord Ferguson v. Coronado Oil Co., 884 P.2d 971, 979 (Wyo. 1994). ANR Production Co. v. Kerr-McGee Corp., 893 P.2d 698 (Wyo. 1995), cited by plaintiff, is inapposite because there, unlike here, "the parties did not have a preexisting legal relationship." 893 P.2d at 706.

Plaintiff could have protected itself from penalties under the Act by placing the gas revenues in escrow pending resolution of the disputes. See Wyo. Stat. Ann. § 30-5-302. "The Royalty Payment Act also provides protection to the legally responsible payor. The payor needs merely to deposit the disputed proceeds in an escrow account to avoid paying penalty interest." Moncrief, 816 P.2d at 105. Because we hold that the Royalty Payment Act applies, we reject plaintiff's argument that defendant is not entitled to attorney fees because the withholding of gas revenues benefitted defendant whereby it received 18% interest, as provided by Wyo. Stat. Ann. § 30-5-303(a), instead of 12% interest, as provided by the unit operating agreement.

Turning to the amount awarded, plaintiff does not dispute the lodestar amount of attorney fees. Instead, it objects to the award because, according to

plaintiff, it is patently obvious that all of the fees were incurred in defending plaintiff's contract claim. To support its argument, plaintiff points out that it paid defendant the gas revenues, plus interest, immediately after the Wyoming Supreme Court issued its opinion.

We review for an abuse of discretion the district court's decision not to apportion the attorney fees between the contract defense and the claim for payment under the Royalty Payment Act. See In re IC, 941 P.2d 46, 52 (Wyo. 1997). Among the factors a court may consider when awarding attorney fees are the result obtained and the amount involved. See Johnston, 938 P.2d at 863 (listing factors). Where a claim is made to reduce the amount of the fees requested, we examine whether the district court has made "clear that it has considered the relationship between the amount of the fee awarded and the results obtained." UNC Teton Exploration Drilling, Inc. v. Peyton, 774 P.2d 584, 595 (Wyo. 1989).

The district court concluded that defendant was required to defeat plaintiff's contract claim in order to collect the gas revenues. Therefore, all of the attorney fees incurred were necessary to the Royalty Payment Act claim. Under the circumstances, we determine that the district court did not "exceed the bounds of reason," and, therefore, did not abuse its discretion in its attorney fee award. Johnston, 938 P.2d at 862.

-6-

Plaintiff also challenges the costs awarded to defendant.  It asserts that the award included expenses not considered court costs even though only court costs are permitted by § 30-5-303(b).  Plaintiff did not raise this issue to the district court.  The citations to the appendix provided by plaintiff do not support its claim that it raised this issue to the district court.  Therefore, we decline to address it. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (issue not raised to district court will not be considered on appeal); see also S.E.C. v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (appellant must provide essential references to record to carry its burden of proving error; court will not "sift through" record to find support for appellant's arguments).

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge