2005 WY 137

**In the Matter of the Worker's Compensation Claim of Timothy SMITH.**

**State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellant (Petitioner),**

v.

**Timothy Smith, Appellee (Respondent).**

No.  04–205.

Supreme Court of Wyoming.

Oct. 18, 2005.

Representing Appellant: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General.

Representing Appellee: Frank B. Watkins, Roberts & Watkins, P.C., Riverton, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

BURKE, Justice.

[¶ 1] The Wyoming Workers' Compensation Division (Division) challenges an award of attorney fees made by the Office of Administrative Hearings (OAH). The Division also challenges the district court's appointment of counsel for claimant in the district court appeal and an award of attorney fees to counsel for his efforts during that appeal. We find no abuse of discretion in the awards of attorney fees. We also find no error in the district court's appointment of counsel to represent claimant in the district court appeal. We affirm.

## ISSUES

[¶ 2] The following issues are presented for our review:

1. Did the OAH abuse its discretion by awarding attorney fees and costs in the amount of $24,205.97, or was the award otherwise not in accordance with law?

2. Did the district court abuse its discretion by appointing counsel to represent claimant in defending the Division's appeal of the OAH decision and awarding attorney fees for such representation?

## FACTS

[¶ 3] Timothy Smith (claimant) was employed by United Parcel Service (UPS) for twenty-four years. He filed a report of injury with UPS claiming that he had incurred a work-related injury (tinnitus and hearing loss) as a result of his employment. The Division determined that claimant had not suffered a compensable injury and denied benefits. Claimant filed a timely objection to the denial of his claim. The matter was referred to the OAH for hearing. An attor-

ney, Frank B. Watkins, was appointed to represent claimant. The Division and UPS contested the compensability of claimant's injury. An evidentiary hearing was held January 30, 2003. On March 11, 2003, the OAH entered its order denying benefits on the basis that claimant had failed to establish a compensable injury.

[¶ 4] Mr. Watkins subsequently filed a Motion for Attorney's Fees. The motion was supported by an itemized statement reflecting fees and costs totaling $24,205.97.[1] The Division objected to the fee request, filed a Memorandum in Support of Objection to Attorney's Fees and also submitted an affidavit of counsel reflecting hours that the Division's attorney had billed. UPS filed an objection to the request in which it stated:

The Employer/Objector United Parcel Service (UPS), takes no position with respect to the Employee/Claimant's request for attorney's fees in this case to the extent those fees will not be charged against UPS' account and shall no [sic] affect UPS' experience rating, as established by Wyo. Stat. § 27–14–602(d). If the claimed attorney's fees will have any impact on UPS' experience rating or account, UPS' [sic] joins in the objection of the Division of Worker Safety and Compensation.

A hearing was held on the motion. The OAH found that the requested attorney fees and costs were reasonable and entered an order awarding attorney fees and costs in the amount of $24,205.97.

[¶ 5] The Division appealed the attorney fee award to the district court. The district court appointed Mr. Watkins to represent claimant in the appeal. The district court affirmed the award and also entered an order awarding additional attorney fees in the amount of $2,167.77 for defense of the district court appeal. The Division filed this appeal.

## STANDARD OF REVIEW

[¶ 6] We review administrative decisions pursuant to Wyo. Stat. Ann. § 16–3–114(c)

---

1. The fee request included $3,708.47 in costs. The Division did not challenge the award of costs.

(LexisNexis 2001) which states, in pertinent part, that the reviewing court shall:

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; [or]

. . .

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

[¶ 7] We review an award of attorney fees under an abuse of discretion standard. *Johnston v. Stephenson*, 938 P.2d 861, 862 (Wyo.1997); *Burd v. State ex rel. Safety and Comp. Div.*, 2004 WY 108, ¶ 28, 97 P.3d 802, 809 (Wyo.2004). "When an abuse of discretion is the issue on review, the reviewing court examines the question of whether the agency's 'decision was based on a consideration of relevant factors and whether it is rational.'" *State ex rel. Wyo. Workers' Safety and Compensation Div. v. Gerrard*, 2001 WY 7, ¶ 7, 17 P.3d 20, 23 (Wyo.2001) (quoting *Matter of Corman*, 909 P.2d 966, 971 (Wyo. 1996)). "A court abuses its discretion only when it acts in a manner which exceeds the bounds of reason under the circumstances." *Johnston*, 938 P.2d at 862 (quoting *Goff v. Goff*, 844 P.2d 1087, 1092 (Wyo.1993)). The burden of proof rests with the party attacking the trial court's ruling to establish an abuse of discretion. *Johnston*, 938 P.2d at 862; *UNC Teton Exploration Drilling v. Peyton*, 774 P.2d 584, 595 (Wyo.1989). The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act involve questions of law over which our review authority is plenary. We affirm conclusions of law made by an administrative agency only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law. *Bailey v. State ex rel. Wyo. Workers' Safety & Compensation Div.*, 2002 WY 145, ¶¶ 9–10, 55 P.3d 23, 26 (Wyo.2002). Whether a claimant is entitled to paid legal representation is a matter of law which we review *de novo.*

*Painter v. State ex rel. Wyoming Worker's Compensation Div.*, 931 P.2d 953, 954 (Wyo. 1997).

### *DISCUSSION*

#### *Award of Attorney Fees by OAH*

[¶ 8] A hearing examiner is authorized to award reasonable fees pursuant to Wyo. Stat. Ann. § 27–14–602(d) (LexisNexis 2001). The statute does not specify factors that the hearing examiner must consider in making his attorney fee award. We have suggested, however, that hearing examiners refer to the factors set forth in Wyo. Stat. Ann. § 1–14–126(b) (LexisNexis 2001) which states:

(b) In civil actions for which an award of attorney's fees is authorized, the court in its discretion may award reasonable attorney's fees to the prevailing party without requiring expert testimony. In exercising its discretion the court may consider the following factors:

(i) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(ii) The likelihood that the acceptance of the particular employment precluded other employment by the lawyer;

(iii) The fee customarily charged in the locality for similar legal services;

(iv) The amount involved and the results obtained;

(v) The time limitations imposed by the client or by the circumstances;

(vi) The nature and length of the professional relationship with the client;

(vii) The experience, reputation and ability of the lawyer or lawyers performing the services; and

(viii) Whether the fee is fixed or contingent.

*Cargile v. State ex rel. Wyo. Workers' Safety and Compensation Division*, 965 P.2d 666, 669 (Wyo.1998). We have also approved application of the lodestar test to determine the reasonableness of attorney fees. The lodestar test requires that two elements be considered: 1) whether the fee charged repre-

sents the product of reasonable hours at a reasonable rate; and 2) whether other factors of discretionary application should be considered to adjust the fee upward or downward. *Burd,* ¶ 25; *Forshee v. Delaney,* 2005 WY 103, ¶ 7, 118 P.3d 445, 448 (Wyo.2005).

■ [¶ 9] The Division contends that, pursuant to Wyo. Stat. Ann. § 27–14–602(d), the hearing examiner is not authorized to award attorney fees which exceed the benefits at issue.[2] The Division also contends that the award is unreasonable and excessive when evaluated properly pursuant to the factors set forth in Wyo. Stat. Ann. § 1–14–126(b) and the lodestar test.

[¶ 10] In support of its position that the attorney fee award cannot exceed the benefits at issue, the Division relies upon that portion of Wyo. Stat. Ann. § 27–14–602(d) which states, "[a]n award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the contested case hearing." According to the Division, the "benefits at issue" total $1,277.00 and any attorney fee award in excess of that amount violates the clear dictates of the statute. We disagree. We rejected a similar argument in *State ex rel. Wyo. Workers' Safety and Compensation Div. v. Gerrard,* 2001 WY 7, 17 P.3d 20 (Wyo.2001) and held that the limiting language in Wyo. Stat. Ann. § 27–14–602(d) applies only to a prevailing employer's attorney fees. We stated,

"[c]ontrary to the Division's contention, the language did not diminish or limit the hearing examiner's jurisdiction to appoint counsel for the employee and award that attorney reasonable fees." *Gerrard,* ¶ 15. The Division acknowledges our holding in *Gerrard,* but asks us to reconsider our decision. We decline to do so and reaffirm our holding in *Gerrard* that Wyo. Stat. Ann. § 27–14–602(d) does not limit an award of an employee's attorney fees to the "benefits at issue." [3]

■ [¶ 11] In support of its contention that the OAH abused its discretion, the Division challenges the sufficiency of the findings by the hearing examiner. In his order, the hearing officer identified, and stated that he considered, all of the factors set forth in Wyo. Stat. Ann. § 1–14–126(b). The hearing examiner specifically noted that claimant's attorney had presented an itemized billing of the attorney fees. He commented on the litigation:

... The matter was vigorously and extensively litigated. The issue was precedent setting for UPS nationwide. The UPS attorney, ..., represented that his law firm, ..., billed more hours and billed more fees to his client than Employee/Claimant's attorney has billed Workers' Compensation in this case.

The hearing examiner indicated that he reviewed and considered the Division's objection, its supporting memorandum and affida-

2. Wyo. Stat. Ann. § 27–14–602(d) (LexisNexis 2001) states:

(d) Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or claimants or from the employer. In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the contested case hearing. In all other cases if the employer or division prevails, the attorney's fees allowed an employee's attorney shall not affect the employer's experience rating. Attorney fees allowed shall

be at an hourly rate established by the director of the office of administrative hearings and any application for attorney's fees shall be supported by a verified itemization of all services provided. No fee shall be awarded in any case in which the hearing examiner determines the claim or objection to be frivolous and without legal or factual justification.

3. Comment regarding the phrase "benefits at issue" is warranted. The Division contends throughout its brief that the "benefits at issue" totaled only $1,277.00, which was the amount of medical bills incurred by claimant. This characterization does not accurately reflect what was at stake for claimant in the contested case hearing. If claimant met his burden of proof of establishing a compensable injury, he was potentially eligible to receive additional benefits including payment of future medical bills and awards for impairment and disability. Wyo. Stat. Ann. § 27–14–403 (LexisNexis 2001).

vit in opposition to the attorney fee request. The hearing examiner determined that the fees and costs were "reasonable and proper under the circumstances of this case." There is sufficient evidence in the record to support the determination of the hearing examiner.

[¶ 12] The hourly rate of claimant's attorney was established by regulation and was not challenged by the Division. The Division did not object to the costs incurred by claimant's attorney. The Division's attack on the fee application focused upon the total hours claimed. However, despite the submission of an itemized billing by claimant's attorney, the Division did not object to any specific item in the billing. In support of its position, the Division contends that the total award is unreasonable because "the benefits at issue" totaled only $1,277.00. Additionally, the Division suggests that reasonableness of attorney fees should be measured by the approximately $6,700.00 in attorney fees and costs which it incurred in defending the claim.

[¶ 13] We have no difficulty in understanding why the hearing examiner may have rejected the Division's contentions. As previously mentioned, much more was at stake for claimant than the $1,277.00 in medical bills. The Division's affidavit reflecting attorney fees which it had incurred, even if relevant, is hardly persuasive. The affidavit was not supported by an itemization of hours spent by the Division's attorney and would not have been helpful to the hearing examiner in evaluating the reasonableness of time spent by claimant's attorney for specific tasks. More significantly, the record reflects that counsel for UPS took the lead in the litigation. Claimant, on the other hand, was forced to battle both the Division and an employer who was highly motivated to prevail in a case which it deemed "precedent setting." It is not surprising that the Division incurred fewer hours in defense of the litigation than did claimant.

[¶ 14] The record reveals that the employer's perception of the significance of this case played a substantial role in the amount of time and resources expended by the parties. According to counsel for UPS, "this was a case that had important implications for UPS." During the hearing on attorney fees, the hearing examiner observed, "[i]t was unusual for me to see a Work[er's] Comp case that was treated this way." He characterized the litigation as "total war." Counsel for the employer explained that UPS was concerned that a determination of compensability would open the door to future benefit claims by claimant. More significantly, UPS was concerned that a compensability determination in favor of claimant would result in future hearing loss claims by other UPS employees. Additionally, UPS feared that an unfavorable result in a hearing loss case could result in imposition of federally mandated "hearing conservation programs." As a byproduct of the UPS risk perception, several experts were involved, numerous depositions were taken and many hours were spent in litigation by counsel for all parties.

[¶ 15] The hearing examiner recognized that the litigation was novel and difficult and could properly give considerable weight to this factor in determining a reasonable attorney fee. Wyo. Stat. Ann. § 1–14–126(b)(i). The hearing examiner could also properly conclude that the extensive time and labor reflected in Mr. Watkins' bill was warranted because of the nature of the vigorous defense mounted by UPS and the Division. *Id.* Similarly, under the lodestar test, the hearing examiner could properly determine that a downward adjustment of the fee request was not warranted. We find no abuse of discretion in the hearing examiner's award of attorney fees.

### Award of Attorney Fees by the District Court

[¶ 16] The Division also challenges the district court's appointment of Mr. Watkins as claimant's attorney in the district court appeal. Initially, the Division contends that the appointment of Mr. Watkins was improper because he was not representing the employee in the appeal "he was representing himself." We find no merit to the Division's contention.

[¶ 17] Mr. Watkins was appointed to represent claimant in the district court appeal pursuant to Wyo. Stat. Ann. § 27–14–615 (LexisNexis 2001) which states, in pertinent part, "[t]he district court may appoint an

attorney to represent the employee during proceedings in the district court and appeal to the supreme court. The district court may allow the attorney a reasonable fee for his services at the conclusion of the proceedings in district court. . . ."

▮▮▮▮ [¶ 18] The statute clearly and unambiguously authorizes the district court to appoint an attorney to represent an employee in "proceedings in district court." The term "proceedings" includes representation of an employee in an appeal to the district court. *Graves v. Utah Power & Light Co.,* 713 P.2d 187, 194 (Wyo.1986). In this case, claimant was the employee and named party. Mr. Watkins is not a party in this case. The appeal to the district court initiated by the Division, even if limited to an issue relating to attorney fees, did not change the parties or effect a *de facto* substitution of the parties. We have previously recognized that Wyo. Stat. Ann. § 27–14–615 authorizes a district court to award attorney fees when the only issue on appeal is the correctness of an OAH decision regarding attorney fees. *Painter,* 931 P.2d at 956.

▮▮▮▮ [¶ 19] The Division also contends that appointment of an attorney and an award of attorney fees by the district court is precluded by our decision in *Sheneman v. Division of Worker's Safety,* 962 P.2d 874 (Wyo.1998). In *Sheneman,* the employee sought review by the district court of an order of the Internal Hearing Unit of the Workers' Compensation and Safety Division that denied the relief sought by the employee. The district court affirmed the decision. The district court also denied a request for attorney fees for representation of the employee in the district court appeal. We affirmed denial of attorney fees on the basis that an award of attorney fees was not authorized by Wyo. Stat. Ann. § 27–14–615 because:

> No benefits were at issue in the review of the final order by the IHU that Sheneman sought in the district court. The only issue was whether Sheneman had made a timely filing of his objection to the Final Determination of the Division of Worker's Safety and Compensation, Department of Employment and a request for a hearing.

> The district court correctly determined that no attorney's fees were authorized pursuant to statute because no benefits were at issue in the review sought by Sheneman. The plain and unambiguous language of WYO. STAT. § 27–14–615 forecloses Sheneman's claim for attorney's fees.

*Sheneman,* 962 P.2d at 876. We based our decision in *Sheneman* on an interpretation of that portion of Wyo. Stat. Ann. § 27–14–615 which states, "[a]n award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the appeal." In *Sheneman* we noted that, "[t]he plain language of this statute limits an award of attorney's fees to the benefits at issue in the appeal." *Sheneman,* 962 P.2d at 876.

[¶ 20] Subsequently, in *Gerrard,* we were called upon to determine if similar statutory language in Wyo. Stat. Ann. § 27–14–602(d) limited an award of attorney fees by the OAH for the representation of a claimant to the "benefits at issue in the contested case hearing." We held that the statutory language did not restrict the amount of attorney fees allowable for representation of a claimant. We explained our reasoning:

> It being concluded § 27–14–602(d) applies, we now address the pivotal issue of whether, as the Division contends, the statutory language precludes the employee's attorney from being awarded attorney's fees in excess of the sums at issue in the contested case proceeding. In order to ascertain this issue, we must examine and interpret the language of the statute.

> In 1995, § 27–14–602(d) was amended by the legislature to add the language denoted by bold italics, as follows:

> (d) Upon request, the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding. An appointed attorney shall be paid according to the order of the hearing examiner either from the worker's compensation account, from amounts awarded to the employee or

claimants or from the employer. *In any contested case where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the hearing examiner from the worker's compensation account, not to affect the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the contested case hearing. In all other cases* if the employer or division prevails, the attorney's fees allowed an *employee's attorney* shall not affect the employer's experience rating. *Attorney* fees allowed shall be at an hourly rate established by the director of the office of administrative hearings and any application for attorney's fees shall be supported by a verified itemization of all services provided. No fee shall be awarded in any case in which the hearing examiner determines the claim *or objection* to be frivolous and without legal or factual justification.

1995 Wyo. Sess. Laws ch. 193, § 1.

The first sentence of the statute remained unchanged and provides that "the hearing examiner may appoint an attorney to represent the employee or claimants and may allow the appointed attorney a reasonable fee for his services at the conclusion of the proceeding." The hearing examiner's jurisdiction to appoint counsel for the employee and award reasonable attorney's fees at the conclusion of the proceeding was retained wholly intact. The change affected by the added amendment language was that, in the event of a contested case regarding compensability of an injury, a prevailing employer's attorney's fees could be awarded but were not to exceed the benefits at issue in the contested case hearing. The

hearing examiner's jurisdiction to award a prevailing employer's attorney's fees not to exceed the benefits at issue in the contested case hearing was added. Contrary to the Division's contention, the language did not diminish or limit the hearing examiner's jurisdiction to appoint counsel for the employee and award that attorney reasonable fees. To conclude otherwise would render the first sentence of the statute meaningless, and this we will not do. *US WEST Communications, Inc. v. Wyoming Public Service Commission,* 989 P.2d 616, 619–20 (Wyo.1999); *McClellan v. State,* 933 P.2d 461, 465 (Wyo.1997).

Our conclusion is further supported by the preamble language to this session law:

AN ACT to amend W.S. 27–14–602(d) and 27–14–615 relating to worker's compensation; allowing payment of attorney fees incurred by prevailing employers in contested cases and appeals; specifying that fees shall not be awarded in the case of certain frivolous claims or objections; and providing for an effective date.

1995 Wyo. Sess. Laws ch. 193. Likewise it is consistent with our holding in *Painter v. State ex rel. Wyoming Worker's Compensation Division,* 931 P.2d 953, 955 (Wyo. 1997), *abrogated on other grounds by Vaughn v. State,* 962 P.2d 149, 151 (Wyo. 1998), that a hearing examiner has jurisdiction to appoint counsel for an employee when the Division issues a final determination regarding compensability of an injury and further to award fees to the appointed attorney at the conclusion of the proceedings, regardless of whether a full contested case hearing is held.

*Gerrard,* ¶¶ 13–16.

[¶ 21] We conclude that our analysis in *Gerrard* is applicable to our interpretation of Wyo. Stat. Ann § 27–14–615.[4] Both statutes,

---

4. The full text of Wyo. Stat. Ann. § 27–14–615 states:

*Appointment of attorneys for court proceedings; fees.*

The district court may appoint an attorney to represent the employee during proceedings in the district court and appeal to the supreme court. The district court may allow the attorney a reasonable fee for his services at the

conclusion of the proceedings in district court and the supreme court may allow for reasonable fees for services at the conclusion of the proceedings in the supreme court. *In any appeal where the issue is the compensability of an injury, a prevailing employer's attorney fees shall also be paid according to the order of the district court or supreme court from the worker's compensation account, not to affect*

Wyo. Stat. Ann § 27–14–602(d), which we interpreted in *Gerrard,* and Wyo. Stat. Ann § 27–14–615, which is at issue in this case, were amended in 1995. The language added in both statutes was substantially similar, the only difference being that Wyo. Stat. Ann § 27–14–602(d) relates to contested case hearings and Wyo. Stat. Ann § 27–14–615 involves appeals of the contested case hearing.

[¶ 22] The first sentence of Wyo. Stat. Ann § 27–14–615 authorizes the district court to appoint an attorney to represent an employee in proceedings before the district court. The Division urges us to adopt an interpretation of the statute which would "render the first sentence meaningless" and would unduly restrict a claimant's right to legal representation. We rejected a similar argument in *Gerrard* relating to Wyo. Stat. Ann § 27–14–602(d) and reject it here. The 1995 amendment of Wyo. Stat. Ann § 27–14–615 did not change the first sentence. The added language authorized an award of attorney fees to the employer's attorney but did not restrict the district court's authority to appoint counsel for the employee in the appeal and to award employee's counsel a reasonable attorney fee.

[¶ 23] To hold otherwise would result in a legal environment that would allow the Division an uncontested appeal of every attorney fee award. Such a result is not warranted by the language of the statute and would undermine a claimant's right to counsel. Few attorneys, if any, would choose to represent claimants at the hearing level if they are required to fight for their statutorily authorized fees on appeal.

[¶ 24] We hold that pursuant to Wyo. Stat. Ann. § 27–14–615, a district court has authority to award reasonable attorney fees in its discretion to an employee's attorney and that the amount of the attorney fees awarded is not limited to the "benefits at issue" in the appeal. To the extent that this decision conflicts with our holding in *Sheneman,* we hereby overrule *Sheneman.*

[¶ 25] In conclusion, we find no abuse of discretion by the OAH and affirm its award of attorney fees. We also affirm the district court's appointment of Mr. Watkins and its award of attorney fees.

---

*the employer's experience rating. An award of attorney's fees shall be for a reasonable number of hours and shall not exceed the benefits at issue in the appeal. In all other cases,* if the employer or division prevails in the district court or supreme court, as the case may be, the fees *allowed an employee's attorney* shall not affect the employer's experience rating.

(Emphasized language was added in 1995.)